IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THEODIS HAYMON                                                                                          PLAINTIFF

vs.                                              Civil No. 4:14-cv-04142

CAROLYN W. COLVIN                                                                                    DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Theodis Haymon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability application on December 9, 2011.  (Tr. 23).  In his application, Plaintiff alleges being disabled due to stomach ulcers, joint pain, back problems, and rectal bleeding.  (Tr. 147).  Plaintiff alleges an onset date of May 23, 2011.  (Tr. 23).  Plaintiff's application was denied initially and again upon reconsideration.  (Tr. 73-74).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

request was granted. (Tr. 92, 102-109). Plaintiff's administrative hearing was held on August 14, 2013 in Texarkana, Arkansas. (Tr. 38-72). At this hearing, Plaintiff was present and was represented by Donna Prince. *Id.* Plaintiff and Vocational Expert ("VE") Teresa Beasley testified at this hearing. *Id.* At this hearing, Plaintiff testified he was fifty-three (53) years old. (Tr. 43). This age qualifies as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008). As for his education, Plaintiff also testified he had only completed the ninth grade in school. (Tr. 46).

On December 13, 2013, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 20-34). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 9, 2011, his application date. (Tr. 25, Finding 1). The ALJ found Plaintiff had the following severe impairments (severe in combination): mild obesity and left knee arthritis and paranoid schizophrenia. (Tr. 25-29, Finding 2). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 29-30, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 30-32, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except limited to occasional interaction with supervisors, coworkers, and the general public and can perform simple jobs.

*Id.* "Medium work" includes the following:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 416.967(c) (2010).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 32, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 33-34, Finding 9).

Considering his age, education, work experience, and RFC, the ALJ determined Plaintiff retained the capacity to perform work as a box bender (medium, unskilled) with 3,715 such jobs in Arkansas and 58,332 such jobs in the nation; production helper (medium, unskilled) with 5,237 such jobs in Arkansas and 145,920 such jobs in the nation; and floor waxer (medium, unskilled) with 4,278 such jobs in Arkansas and 87,734 such jobs in the nation. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined he had not been under a disability, as defined by the Act, from December 9, 2011 (application date) through December 13, 2013 (ALJ's decision date). (Tr. 34, Finding 10).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 18-19). The Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On November 3, 2014, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 4, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred in his RFC assessment; and (C) the SSA failed to carry its burden at Step Five of the Analysis. ECF No. 12 at 1-10. In her response, Defendant argues the ALJ properly developed the record in Plaintiff's case, and the ALJ properly supported his decision at Step Five of the Analysis. ECF No. 13 at 1-15. Upon review of these claims, and consistent with the following, the Court finds the ALJ's RFC assessment is not supported by substantial evidence in the record. Thus, the Court will only address this issue.

On September 2, 2013, Plaintiff was examined by Dr. Bernard Crowell, M.D., an orthopedic surgeon. (Tr. 302-309). This evaluation was conducted at the direction of the SSA. (Tr. 302). After

5

examining Plaintiff, Dr. Crowell found Plaintiff was limited to occasionally lifting and carrying 21-50 pounds. (Tr. 303). Dr. Crowell also found Plaintiff could only occasionally climb stairs and ramps, climb ladders and scaffolds, balance, stoop, kneel, crouch, and crawl. (Tr. 306).

Despite Dr. Crowell's findings, the ALJ determined Plaintiff retained the ability to perform the physical demands of a full range of medium work. (Tr. 30-32, Finding 4). As noted above, this includes the ability to *frequently* lift and carry 25 pounds *with no limitations* in climbing stairs and ramps, climbing ladders and scaffolds, balancing, stooping, kneeling, crouching, and crawling. *Id.* In making this assessment, the ALJ entirely discounted these findings of Dr. Crowell.

Significantly, the ALJ discounted these findings even though he stated in his opinion that he had given "significant weight" to Dr. Crowell's findings. *See* Tr. 27. In his opinion, the ALJ did not explain how he could give "significant weight" to Dr. Crowell's findings while at the same time discounting many of Dr. Crowell's findings and finally determining Plaintiff could perform all the physical demands of medium work. Thus, because of this inconsistency, the Court finds the ALJ's RFC assessment is not supported by substantial evidence in the record, and this case must be reversed and remanded.

**4.　Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 31st day of July 2015.**

/s/　Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE